Peter B. TURNEY, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. A. No. J-80-2459.

United States District Court, D. Maryland.

Oct. 28, 1981.

Peter B. Turney, pro se.

Richard E. Dunne, III, Asst. U. S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

SHIRLEY B. JONES, District Judge.

Plaintiff, Peter B. Turney, filed a complaint for declaratory judgment pursuant to 28 U.S.C. § 2201 against the United States of America. Jurisdiction was based upon 38 U.S.C. § 775. He asks this Court to enter judgment declaring that he is entitled to Servicemen's Group Life Insurance under 38 U.S.C. § 765(5)(C) and § 767(a)(3). Both parties have filed motions for summary judgment. As the facts are not in dispute, the Court agrees that summary judgment is appropriate.

The Servicemen's Group Life Insurance (SGLI) program was established by Congress on September 29, 1965. Public Law No. 89–214, 79 Stat. 880, codified 38 U.S.C. §§ 765–79. In 1974, SGLI coverage was extended to retired reservists by the Veterans Insurance Act of 1974.

One of the primary purposes of the 1974 Act was to provide term life insurance at reasonable rates to those servicemen entering the retired reserves of a uniformed service after twenty years of creditable service who had not yet reached age 61. Those reservists were not yet eligible for retirement pay and survivor benefits and were, therefore, often in need of SGLI insurance protection. Sen.Rep. 723, 93rd Cong., 2nd Sess. 20, reprinted in (1974) U.S.Code Cong. & Ad.News 3117, 3125.

The general eligibility requirements for SGLI coverage for retired reservists are governed by 38 U.S.C. § 765 and § 767. The Veterans Administration was an active participant in the formulation of the 1974 Act. See 1974 U.S.Code Cong. & Ad.News at 3140–49, 3151–53, 3156–60, 3163.

Shortly after the passage of the 1974 Act, the Veterans Administration promulgated 38 C.F.R. § 9.3(a), which required persons such as the plaintiff who had qualified as retired reservists before May 24, 1974, to apply for SGLI before June 1, 1976. The regulation was enacted pursuant to 38 U.S.C. § 210, which authorizes the Administrator "to make all rules and regulations which are necessary or appropriate to carry out the laws administered by the Veterans' Administration...."

On December 15, 1977 plaintiff submitted an application for SGLI to the office of Servicemens Group Life Insurance. Although plaintiff met the general eligibility requirements of 38 U.S.C. § 765 and § 767, his application was denied as untimely under 38 C.F.R. § 9.3(a). In his complaint for declaratory judgment, plaintiff concedes that his application is untimely under 38 C.F.R. § 9.3(a), but argues that the Administrator exceeded his authority by imposing a time limitation not expressly authorized by Congress.

■ Under this set of facts, the standard to be applied in determining whether the Administrator has exceeded the authority delegated to him are well established.

Where, as here, the Administrator is given a general grant of authority to promulgate regulations to carry out the provisions of the act he is administering, the regulations he promulgates will be sustained so long as they are reasonably related to the purposes of the enabling legislation. *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973). "Given the deference normally accorded an administrator's interpretation of the statutory scheme he carries out, those who attack that interpretation necessarily shoulder a heavy burden." *Johnson's Professional Nursing Home v. Weinberger*, 490 F.2d 841, 844 (5th Cir. 1974). "Administrative interpretations are especially persuasive where, as here, the agency participated in developing the provision." *Miller v. Youakim*, 440 U.S. 125, 144, 99 S.Ct. 957, 968, 59 L.Ed.2d 194 (1979). "[A] regulation may have particular force if it is a substantially contemporaneous construction of the statute by those presumed to have been aware of congressional intent...." *National Muffler Dealers Assn. v. United States*, 440 U.S. 472, 477, 99 S.Ct. 1304, 1307, 59 L.Ed.2d 519 (1979). Finally, "the construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong, especially when Congress has refused to alter the administrative construction." *Red Lion Broadcasting Co. v. Federal Communications Commission*, 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371 (1969).

The plaintiff would have this Court apply a different standard of review where the administrative agency places a limitation on a right conferred by Congress. However, that argument presupposes that Congress had conferred to plaintiff a right to apply for SGLI after June 1, 1976. Congress expressly conditioned eligibility for participation in the program on "compliance with such other terms and conditions as may be prescribed by the Administrator." 38 U.S.C. § 767(c). To argue, as does plaintiff, that Congress did not intend by this language to give the Administrator the power to impose time limits merely begs the question. The plaintiff's interpretation is par-

ticularly suspect in light of 38 U.S.C. § 768(a)(5), which provides for the continuation of SGLI coverage until the reservist's sixty-first birthday, "subject to the *timely payment of the initial* and subsequent *premiums, under terms prescribed by the Administrator* directly to the administrative office established under Section 766(b) of this title." (emphasis added). To ignore this language would violate one of the basic canons of statutory construction, that "[i]n construing a statute we are obligated to give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979).

■ This Court finds that 38 C.F.R. § 9.3(a) is reasonably related to the purposes of the Veterans Insurance Act of 1974. Like the VGLI program, SGLI is a group insurance policy. In a letter to the Senate Committee on Veterans' Affairs, Donald E. Johnson, the Administrator of Veterans Affairs, warned that permitting veterans to retroactively apply for group life insurance on an individual basis under the VGLI program would increase the cost of administering that program. "The retroactive VGLI provisions are unrealistic and ignore the rules of group insurance. It does not create a group program, but rather creates a new program of individual applicants at group premium rates." U.S.Code Cong. & Ad.News at 3147. In response to that objection, the Committee amended the Act to limit the opportunity to participate in the VGLI program on a retroactive basis to one year. *Id.* at 3131. By the same reasoning, limiting participation in the SGLI program on a retroactive basis to two years, as does 38 C.F.R. § 9.3(a), would further the goal of providing retired reservists with group insurance coverage at reasonable rates by minimizing administrative costs and premium rates. Although Congress did not so limit eligibility by statute, it is sufficient that they recognized the undesirability of leaving a group life insurance program open to individuals on a retroactive basis for an unlimited period. *See Johnson's Professional Nursing Home v.*

*Weinberger*, 490 F.2d 841, 845 (5th Cir. 1974).

Plaintiff's complaint also alleges that the Veterans' Administration did not notify him of the June 1, 1976 deadline for application for SGLI until they sent the March, 1978 letter to plaintiff rejecting his application. He cites no authority,[1] and this Court is aware of none, for the proposition that the Veterans' Administration had a duty to notify plaintiff of the June, 1976 time limit.

In *Denton v. United States*, 638 F.2d 1218 (9th Cir. 1981), the Ninth Circuit examined the legislative history of the Veterans Insurance Act of 1974 and concluded that the Veterans' Administration was under no duty, for the purposes of a suit brought under 38 U.S.C. § 775, to notify qualified applicants of their SGLI eligibility. Nor has this Court discovered evidence that the Administrator was under a duty to notify plaintiff of the existence of the SGLI program, much less the specific conditions of eligibility. The Court must, therefore, conclude, as did the Ninth Circuit in *Denton*, that plaintiff's claim "was not 'founded upon' the SGLI subchapter and jurisdiction [is therefore] improper." 638 F.2d at 1220.

## ORDER

For the reasons contained in the foregoing Memorandum, it is, this 28th day of October, 1981, by the United States District Court for the District of Maryland, hereby

ORDERED:

1. That defendant's motion for summary judgment be, and the same hereby is GRANTED. Judgment will be entered in favor of defendant United States against plaintiff, Peter B. Turney.

2. That the plaintiff's motion for summary judgment be, and the same hereby is, DENIED.

3. That the Clerk of Court shall mail copies of this Memorandum and Order to the plaintiff and to counsel for defendant.

---

1. Although defendant argued in its motion for summary judgment that the Administrator was under no duty to notify the plaintiff of the June 1, 1976 deadline, plaintiff did not address this issue in either his memorandum in opposition to defendant's motion for summary judgment or in his own motion for summary judgment.